IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES JORDAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.  **05-767-WDS** |
| ) | |
| **VAN LENHARDT, INCORPORATED,** ) | |
| and **VAN LENHARDT,** ) | |
| ) | |
| Defendants. ) | |

### ORDER

**PROUD, Magistrate Judge**:

Before the court is plaintiff's Motion to Compel.  **(Doc. 18).**

Plaintiff, who is African-American,  alleges that, on June 5, 2004, he was ejected from a bar and off-track betting facility operated by defendants.  He is suing for race discrimination in violation of 42 U.S.C. §1981 and  42 U.S.C. §20002, and for violation of the Illinois hate crimes statute, 720 ILCS 5/12-7.1.  Among other relief, he seeks punitive damages on the first and third claims.

In the instant motion, plaintiff states that he served interrogatories which asked for defendants' net worth at various points in time and requests for production of documents which sought balance sheets.  The corporate defendant produced a redacted balance sheet, but the individual defendant produced nothing.

SDIL-LR 26.1(b)(3) requires that a motion to compel be accompanied by "a copy of the actual discovery documents which are the subject of the motion," or a verbatim recitation of the discovery request, response, and objection.  Plaintiff did not furnish this information.

In their response, defendants quote the document request, which asked for "All financial

1

statements of both Defendants and all businesses in which either of the Defendants holds equity from calendar or fiscal years 2001 through 2006 including, but not limited to, balance sheets, income statements, statements of equity, and statements of cash flow." Defendants state that they objected that the request was overly broad, irrelevant, and not likely to lead to the discovery of admissible information.  **See, Doc. 19, p.1.**

Plaintiff argues that net worth and "related financial documents" are discoverable because he has prayed for punitive damages.  That position is debatable, at least as to the corporate defendant.  **See,** *Zazu Designs v. L'Oreal, S.A.*, **979 F.2d 499, 508-509 (7th Cir. 1992) and** *Kemezy v. Peters*, **79 F.3d 33, 36 (7th Cir. 1996)**, in which the Seventh Circuit suggests that net worth is *not* an appropriate consideration when assessing punitive damages against a corporation.  In any event, plaintiff has requested a broad range of financial information from a five year period beginning three years before the incident in question.  He does not even try to explain why he is entitled to discover this information.  The request for production of documents is obviously overbroad.

The court is unable to evaluate the interrogatory because neither the exact language of the interrogatory nor the objection are before the court.

Upon consideration and for good cause shown, plaintiff's Motion to Compel **(Doc. 18)** is **DENIED.**

    **IT IS SO ORDERED.**

    **DATE:  January 10, 2007.**

                                      **s/ Clifford J. Proud**
                                      **CLIFFORD J. PROUD**
                                      **UNITED STATES MAGISTRATE JUDGE**